# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| DANIEL S. KIRSCHENBAUM, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | 03 C 7374 |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| LAURA L. HUMPHREY, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

On March 17, 2005, the Court granted Humphrey's motion for sanctions pursuant to Federal Rule of Bankruptcy Procedure ("Rule") 8020 for Kirschenbaum's filing of a frivolous appeal. Humphrey has filed an accounting of the attorney's fees and costs she expended to defend the bankruptcy appeal and to prosecute the motion for sanctions. For the reasons set forth below, the Court determines that $16,912.49 is an appropriate sanction in this case.

## Discussion

Rule 8020 permits the Court to "award just damages and single or double costs" to Humphrey as a sanction for Kirschenbaum's pursuit of this frivolous appeal. Humphrey's $24,048.71 sanction request is comprised of $23,820.00 for attorney's fees (79.40 hours at $300.00 per hour) and $228.71 for costs.

As an initial matter, the Court reiterates its view that counsel's hourly rate, which is what he customarily charges clients, is reasonable. (*See* 7/29/04 Mem. Op. & Order at 12-13.) Moreover, most of the time he expended was reasonable as well.

There are some exceptions, however. Humphrey's submission indicates, for example, that her counsel spent 43.75 hours preparing her appeal brief. Given the fact that counsel had previously briefed the issues before the bankruptcy court, thirty hours should have been sufficient to accomplish that task. Similarly, it should not have taken counsel 17.90 hours to review Kirschenbaum's response to the sanctions motion and prepare Humphrey's reply. Since counsel spent only nine hours preparing the initial motion for sanctions, he should have been able to prepare the reply in no more than eight. In all other respects, the time counsel expended is reasonable. Thus, we will deduct only 23.65 hours, or $7,095.00, from Humphrey's fee request.

Plaintiff also seeks $228.71 for costs she incurred for copies, postage and overnight shipping in connection with the appeal and the sanctions motion. Humphrey does not explain, however, why overnight shipping was necessary. Absent some explanation for the use of that service, we cannot deem it reasonable. Thus, the costs for overnight shipping, a total of $41.22, will be deducted from Humphrey's request.

In sum, the Court finds that $16,912.49 ($16,725.00 [55.75 hours x $300.00 per hour] in fees and $187.49 [$228.71-$41.22 overnight shipping] in costs) is a reasonable sanction under Rule 8020 for Kirschenbaum's filing of this frivolous appeal.

## Conclusion

For the foregoing reasons, Kirschenbaum is ordered to pay Humphrey a total of $16,912.49

as a sanction under Rule 8020 for filing this frivolous appeal within fourteen days of the date of this

Memorandum Opinion and Order. This case is hereby terminated.

**SO ORDERED.**                    **ENTERED:**  5/4/05

**HON. RONALD A. GUZMAN**
**United States District Judge**